IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
JUNE 14, 2000 Session

## FRANK AND BETTY WARD v. BOB AND JUDY TURNER

**Direct Appeal from the Circuit Court for Overton County**
**No. 3441; The Honorable Vernon Neal, Judge**

_____

**No. M1999-00719-COA-R3-CV - Filed October 18, 2000**

_____

This appeal arises out of a custody dispute between maternal and paternal grandparents. The issue of custody arose after the children's parents were killed in an automobile accident. The Overton County Circuit Court reversed the judgment of the juvenile court and awarded custody to the maternal grandparents.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY KIRBY LILLARD, J., joined.

Robert Todd Jackson, Gary D. Copas, for the Appellants

John B. Nisbet, III, for the Appellees

### OPINION

Bob and Judy Turner appeal from the decision of the Overton County Circuit Court, which gave primary physical custody of the parties' grandchildren to Frank and Betty Ward. For the reasons stated herein, we affirm the decision of the trial court.

### I. Facts and Procedural History

The facts of this case are not in dispute. On November 9, 1996, Brian and Donna Turner, the parents of Savanah and Mataya Turner, were killed in an automobile accident. At the time of the accident, no legal document existed which provided for the care of the children in the event of their parents' deaths. A dispute over custody arose almost immediately. Frank and Betty Ward, the children's maternal grandparents, filed a motion for temporary custody, as well as a petition for permanent custody. Bob and Judy Turner, the children's paternal grandparents, also filed for permanent custody of the children.

During the time following the accident, the children were living with the Wards under an informal agreement reached shortly after the death of the children's parents. The agreement included liberal visitation rights for the Turners. Unfortunately, numerous disputes arose between the parties regarding the children.[1] On December 4, 1997, an agreed order was entered whereby the children would stay with the Wards pending a final hearing on custody. A subsequent order, dated November 3, 1998, ordered that the Wards continue as the primary custodians of the children and granted the Turners specific visitation rights.

On March 5, 1999, the Juvenile Court of Overton County held a hearing on the matter.[2] The court considered the testimony of the parties and their various witnesses, the exhibits, home studies, and the guardian *ad litem* report. The court concluded that both parties were emotionally, physically, and financially able to care for the children. The court also found that the Wards had been the primary caregivers since the deaths of the children's parents. However, the court concluded that the children's living conditions were not stable as a result of the Wards refusal to allow the children more contact with the Turners. As such, the court concluded that the Turners should be given primary custody of the children, with the Wards entitled to liberal visitation.

After the Juvenile Court decision, the Wards immediately filed a notice of appeal and motion to stay the juvenile court judgment in the Circuit Court of Overton County. After a hearing conducted on July 14, 1999, the Circuit Court awarded legal custody of the children to the Wards. Under the court's order, the children would live with the Wards during the school year, with the Turners having specific visitation rights. During the summer, the children would live with the Turners, with the Wards having specific visitation rights during that time. The order also provided for the parties' respective rights to the children on holidays and birthdays. It is from this order that the present appeal arises.

## II. Law and Analysis

As an initial matter, we question whether the parties would have been satisfied with any decision that the trial court could have made. This case is tragic not only because these children have been left without parents, but also in the fact that the parties seem unable to work together in the best interest of their grandchildren. The unwillingness of these parties to compromise cannot be remedied through the judicial process, and we have no doubt that our decision will be no more acceptable than was the trial court's decision.

Essentially, the trial court's decision attempted to provide a workable solution to a complex situation. Disregarding the concept of legal custody for a moment, the trial court fashioned a remedy that allowed for both parties to have the children for extended periods of time. During the time that the children were living with one set of grandparents, the other grandparents were given liberal

---

[1] Most of these disputes involve a lack of cooperation between the parties.

[2] The case had previously been transferred from the Chancery court to Juvenile court.

visitation.[3] In this regard, we believe the trial court attempted to strike a balance between the rights and interests of both sets of grandparents. We find ourselves unable to provide a scenario which would be any more fair or just.

The trial court vested legal custody of the children with the Wards. Our review of the trial court's decision is *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise. T.R.A.P. 13(d); See also Hass v. Knighton, 676 S.W.2d 554, 555 (Tenn.1984); Bah v. Bah, 668 S.W.2d 663 (Tenn. Ct. App.1983). Tenn. Code Ann. § 36-6-106 provides the relevant factors to be considered when a court is confronted with a question of custody. That section provides:

> In a suit for annulment, divorce, separate maintenance, or in any other proceeding requiring the court to make a custody determination regarding a minor child, such determination shall be made upon the basis of the best interest of the child. The court shall consider all relevant factors including the following where applicable:
>
> (1) The love, affection and emotional ties existing between the parents and child;
>
> (2) The disposition of the parents to provide the child with food, clothing, medical care, education and other necessary care and the degree to which a parent has been the primary caregiver;
>
> (3) The importance of continuity in the child's life and the length of time the child has lived in a stable, satisfactory environment; provided, that where there is a finding, under § 36-6-106(8), of child abuse, as defined in §§ 39-15-401 or 39-15-402, or child sexual abuse, as defined in § 37-1-602, by one (1) parent, and that a non-perpetrating parent has relocated in order to flee the perpetrating parent, that such relocation shall not weigh against an award of custody;
>
> (4) The stability of the family unit of the parents;
>
> (5) The mental and physical health of the parents;
>
> (6) The home, school and community record of the child;

---

[3]The trial court's order specified who would have the children on : spring break, Memorial Day, July 4th, Labor Day, Halloween, Thanksgiving, Christmas, Mother's Day, Father's Day, as well as on the children's respective birthdays. We must commend the trial court on the clarity, specificity, and the ultimate fairness of its order in regard to visitation.

(7) The reasonable preference of the child if twelve (12) years of age or older. The court may hear the preference of a younger child upon request. The preferences of older children should normally be given greater weight than those of younger children;

(8) Evidence of physical or emotional abuse to the child, to the other parent or to any other person; provided, that where there are allegations that one (1) parent has committed child abuse, [as defined in §§ 39-15-401 or 39-15-402], or child sexual abuse, [as defined in § 37-1-602], against a family member, the court shall consider all evidence relevant to the physical and emotional safety of the child, and determine, by a clear preponderance of the evidence, whether such abuse has occurred. The court shall include in its decision a written finding of all evidence, and all findings of facts connected thereto. In addition, the court shall, where appropriate, refer any issues of abuse to the juvenile court for further proceedings;

(9) The character and behavior of any other person who resides in or frequents the home of a parent and such person's interactions with the child.

(10) Each parent's past and potential for future performance of parenting responsibilities, including the willingness and ability for each of the parents to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent, consistent with the best interest of the child.

Based upon our review of the record, we are unable to say that the evidence preponderates against the trial court decision. Many of the factors listed in T.C.A. § 36-6-106 are either inapplicable, or do not justify awarding custody to one party over the other. Both the Wards and Turners are suitable as the primary custodians of the children. Both sets of grandparents clearly love these children. Nobody questions the parties' emotional, physical, or financial ability to care for the children. However, we believe the trial court sought stability for the children by placing them with the Wards. The record indicates that the children have lived with the Wards for the majority of the time since their parents were killed. In our opinion, that is one factor which preponderates in favor of one party over the other.

We believe that this is the type of factual situation where any decision can be met with criticism, but we are bound by our standard of review. The trial court was in the best position to judge the evidence. Based on our review of the record, we are unable to conclude that the preponderance of the evidence goes against the trial court decision. It is our sincere hope that these parties will find common ground in their love for the children. The judicial process cannot provide

the remedy they seek, as neither party has an exclusive claim to the children. We believe the trial court's decision strikes the best possible balance between each party's interests. As such, the Turners have failed to overcome the presumption of correctness that attaches to the trial court's findings.

## Conclusion

For the aforementioned reasons, the decision of the trial court giving primary physical custody to Frank and Betty Ward is affirmed. Costs of this appeal are taxed to the Appellants, Bob and Judy Turner, for which execution may issue, if necessary.

_____
ALAN E. HIGHERS, JUDGE